# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION

| | |
|---|---|
| WILLIAM C. RUNYON,<br>Petitioner,<br><br>vs.<br><br>WARDEN, MADISION<br>CORRECTIONAL INSTITUTION,<br>Respondent. | Case No. 1:18-cv-355<br><br>Bertelsman, J.<br>Litkovitz, M.J.<br><br>**REPORT AND**<br>**RECOMMENDATION** |

Petitioner, an inmate in state custody at the Madison Correctional Institution, has filed a pro se petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. (Doc. 1). This matter is before the Court on respondent's motion to dismiss (Doc. 9) and petitioner's response thereto (Doc. 11). For the reasons stated below, the undersigned recommends that the motion to dismiss be granted on the ground that petitioner's habeas corpus petition is time-barred pursuant to 28 U.S.C. § 2241(d)(1).

## I. PROCEDURAL HISTORY

### State Trial Proceedings and Direct Appeal

On January 12, 2005, the Butler County, Ohio, grand jury returned a five-count indictment charging petitioner with one count each of aggravated robbery, kidnapping, complicity to aggravated robbery, complicity to kidnapping, and failure to comply with an order or signal of a police officer. (Doc. 8, Ex. 1).

On May 9, 2005, following a jury trial, petitioner was convicted of aggravated robbery with a firearm specification and kidnapping. The trial court also found him guilty of a repeat violent offender specification.[1] (Doc. 8, Ex. 3). On June 10, 2005, petitioner was sentenced to

---

[1] Petitioner waived the right to a jury trial with respect to the repeat violent offender specification. (Doc. 8, Ex. 2).

serve a total aggregate prison sentence of twenty-one years in the Ohio Department of Corrections. (*See* Doc. 8, Ex. 4).

On January 9, 2006, petitioner's appellate counsel filed a brief pursuant to *Anders v. California*, 386 U.S. 738 (1975), asserting that "counsel has been unable to detect any issue to argue on behalf of Mr. Runyon" (Doc. 8, Ex. 6 at PageID 62), and requested to withdraw as counsel. (Doc. 8, Ex. 7). Petitioner subsequently filed a supplemental pro se brief raising six assignments of error. (Doc. 8 Ex. 8).

Before the case was submitted to the Ohio Court of Appeals for review, the Ohio Supreme Court decided *State v. Foster*, 845 N.E.2d 470 (Ohio 2006). In light of the decision, petitioner's counsel submitted an amended brief raising the following single assignment of error:

> The trial court erred in sentencing the appellant to an additional prison sentence by finding that the appellant was a repeat violent offender in violation of his rights under the Sixth and Fourteenth Amendments to the U.S. Constitution.

(Doc. 8, Ex. 10). On February 12, 2007, the Ohio Court of Appeals reversed and remanded for resentencing on the repeat violent offender specification only. The appeals court otherwise affirmed petitioner's other convictions and sentences, finding that the assignments of error raised in petitioner's pro se brief were without merit. (Doc. 8, Ex. 12).

### Resentencing and Appeal

On April 24, 2007, on remand from the Ohio Court of Appeals, the trial court sentenced petitioner to the same 8-year consecutive prison term sentence on the repeat violent offender specification. (*See* Doc. 8, Ex. 13).

On May 18, 2007, petitioner filed a pro se appeal of the trial court's judgment. (Doc 8, Ex. 14, 15). The Ohio Court of Appeals overruled petitioner's assignments of error and

affirmed the judgment of the trial court by judgment entry issued July 14, 2008. (Doc. 8, Ex. 17).

The Ohio Supreme Court subsequently granted petitioner's motion to file a delayed appeal. (Doc. 8, Ex. 19, 20). However, on March 25, 2009, the Ohio Supreme Court denied leave to appeal and dismissed the appeal "as not involving any substantial constitutional question." (Doc. 8, Ex. 22).

On June 19, 2009, petitioner filed a petition for a writ of certiorari to the United States Supreme Court. (Doc. 8, Ex. 23). The petition was denied on October 5, 2009. (Doc. 8, Ex. 24).

### Post-Conviction Relief

On August 12, 2008, during the pendency of his resentencing appeal, petitioner filed a post-conviction petition. (Doc. 8, Ex. 25). Petitioner argued that his indictment was defective. On November 13, 2008, the trial court denied the petition as untimely. (Doc. 8, Ex. 27).

### Motion for Resentencing and Appeal

On January 19, 2010, petitioner filed a "motion to impose lawful sentence on defendant," arguing that the trial court improperly imposed a period of post-release control as being mandatory "up to a maximum of five years." (Doc. 8, Ex. 29 at PageID 274). On February 19, 2010, following a resentencing hearing, the trial court issued a new sentencing entry reflecting that post-release control was mandatory for five years. (Doc. 8, Ex. 32). Prior to the journalization of the re-sentencing judgment entry, petitioner filed an objection and motion to dismiss the indictment on February 16, 2010. (*See* Doc. 8, Ex. 30). On May 3, 2011, more than a year later, the trial court overruled and denied petitioner's objection and motion. (Doc. 8, Ex.

31. *See also* Ex. 81 at PageID 578).

Meanwhile, on March 23, 2010, petitioner filed a notice of appeal. (Doc. 8, Ex. 33). The Ohio Court of Appeals dismissed the appeal as untimely on April 20, 2010. (Doc. 8, Ex. 34). Petitioner filed a motion for leave to file a delayed appeal on May 3, 2010, which was denied by the Ohio appeals court on June 16, 2010. (Doc. 8, Ex. 36, 37).

On June 29, 2010, petitioner filed a notice of appeal in the Ohio Supreme Court. (Doc. 8, Ex. 38). On October 27, 2010, the Ohio Supreme Court denied petitioner leave to appeal and dismissed the appeal "as not involving any substantial constitutional question." (Doc. 8, Ex. 40).

### Application to Reopen Appeal

On December 15, 2010, petitioner filed an application to reopen or to alternatively reinstate his appeal from his February 19, 2010 resentencing. (Doc. 8, Ex. 41). In the application, petitioner raised four assignments of error, none of which asserted ineffective assistance of appellate counsel claims. (*See id.*). On January 19, 2011, the court of appeals denied the application, explaining that applications to reopen under Ohio App. R. 26(B) are limited to claims of ineffective assistance of appellate counsel and petitioner pursued the appeal of his resentencing without counsel. (Doc. 8, Ex. 43).

### Second Application to Reopen Appeal

On May 30, 2012, petitioner filed an application to reopen his original direct appeal, arguing that his appellate counsel was ineffective for failing to challenge the verdict form. (Doc. 8, Ex. 44). The Ohio Court of Appeals denied petitioner's application on August 7, 2012, finding that the application was untimely by nearly five years. (Doc. 8, Ex. 46).

Petitioner appealed to the Ohio Supreme Court from the Ohio Court of Appeals' decision.

However, on November 28, 2012, the Ohio Supreme Court denied him leave to appeal and dismissed the appeal. (Doc. 8, Ex. 47–49).

**Post-Conviction Petitions**

Next, on March 15, 2013, petitioner filed the first of four subsequent post-conviction petitions. (*See* Doc. 8, Ex. 50). Petitioner filed a motion to vacate and/or set aside judgment of conviction and sentence, challenging the jury verdict form for his kidnapping conviction and the trial court's sentencing entry that corrected the post-release control notification. On July 8, 2013, the trial court denied the petition as being barred by the doctrine of *res judicata* and as untimely. (Doc. 8, Ex. 52). Petitioner filed a notice of delayed appeal and motion for leave to file a delayed appeal to the Ohio Court of Appeals, which denied the motion on August 7, 2012. (Doc. 8, Ex. 53–55). Petitioner's motion for reconsideration was denied on February 4, 2014. (Doc. 8, Ex. 56, 57).

On August 13, 2015, petitioner filed a "motion to vacate an illegal conviction and sentence," which was summarily denied by the trial court. (Doc. 8, Ex. 58, 60). On November 3, 2015, the Ohio Court of Appeals dismissed petitioner's subsequent appeal as untimely. (Doc. 8, Ex. 62).

On November 17, 2015, petitioner filed another post-conviction petition. (Doc. 8, Ex. 63). On January 7, 2016, the trial court denied the petition, noting that the matters raised therein had already been ruled upon. (Doc. 8, Ex. 65). Petitioner appealed (Doc. 8, Ex. 66), and the Ohio Court of Appeals dismissed the appeal on February 18, 2016. The court noted that "appellant previously sought to appeal a decision from an identical petition, and the petition was dismissed by this court as untimely. . . . Appellant simply re-filed the petition, which was again

5

denied, and then filed the present appeal." (Doc. 8, Ex. 67).

Finally, on May 25, 2016, petitioner filed a "motion to vacate a void sentence," his fifth post-conviction petition. (Doc. 8, Ex. 68). Petitioner moved the trial court to vacate his sentence on the ground that his convictions for aggravated robbery and kidnapping were allied offenses of similar import. On May 27, 2016, the trial court denied petitioner's motion, finding that petitioner could have raised the issue on direct appeal and that his claim was barred under the doctrine of *res judicata*. (Doc. 8, Ex. 69). Petitioner appealed from the ruling to the Ohio Court of Appeals. (Doc. 8, Ex. 70, 71). On December 29, 2016, the Ohio appeals court affirmed the judgment of the trial court. (Doc. 8, Ex. 73). Petitioner filed an appeal to the Ohio Supreme Court (Doc. 8, Ex. 75), which declined jurisdiction over the appeal by entry issued May 17, 2017. (Doc. 8, Ex. 76). Petitioner's subsequent motions for reconsideration and "motion to submit" (asking the Ohio Supreme Court to accept jurisdiction), were both denied. (Doc. 8, Ex. 77–80).

**Federal Habeas Corpus**

On May 15, 2018, petitioner commenced the instant federal habeas corpus action.[2] (*See* Doc. 1 at PageID 18). Petitioner raises the following two grounds for relief in the petition:

> **GROUND ONE**: Denied Fifth Amendment protections against Double Jeopardy when convicted of two Allied Offenses of Similar Import.
>
> Supporting facts: (1) Ohio law § 2941.25 allows only one conviction for Allied Offenses of Similar Import (2) § 2941.25 incorporates constitutional protections against Double Jeopardy (3) My offenses, Aggravated Robbery and Kidnapping,

---

[2] The petition was filed with the Court on May 22, 2018. (*See* Doc. 1). Petitioner avers, however, that he placed the petition in the prison mailing system for delivery to the Court on May 15, 2018. (*See* Doc. 1 at PageID 18). Because under *Houston v. Lack*, 487 U.S. 266 (1988), the filing date of a federal habeas corpus petition submitted by a pro se prisoner is the date on which the prisoner provides his papers to prison authorities for mailing, *see In re Sims*, 111 F.3d 45, 47 (6th Cir. 1997), it is presumed that the petition was "filed" on May 15, 2018.

6

are Allied Offenses of Similar Import (4) I was convicted of both charges (5) My sentence was contrary to § 2941.25 (6) A sentence contrary to statute is illegal, void, and may be challenged at any time (7) I was barred by res judicata.

**GROUND TWO**: Denied Due Process when sentence was erroneously enhanced based on incorrect finding of "repeat violent offender"

Supporting facts: (1) My sentence was enhance[d] by the trial court finding that I was a "repeat violent offender" based upon a Kentucky Class C felony ([2]) Trial Court held that Kentucky Class C was equivalent to Ohio 1st or 2d degree felony (3) Maximum punishment for Ken. Class C is 5 years (4) Max Ohio sentence for 2d deg. is 8 yrs., 1st degree is 11 yrs. (5) To apply the repeat offender spec. using an out-of-state offense the offense must be equivalent to an Ohio 1st or 2d degree felony (6) Max sentence for Ohio 3d deg. is 5 years

(*Id.* at PageID 7, 10).

Respondent has filed a motion to dismiss the petition (Doc. 9), to which petitioner has responded. (Doc. 11). According to respondent, petitioner's grounds for relief are time-barred, non-cognizable, and procedurally defaulted.

## II. RESPONDENT'S MOTION TO DISMISS SHOULD BE GRANTED.

Under 28 U.S.C. § 2244(d)(1), as amended by § 101 of the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), Pub. L. No. 104-132, 110 Stat. 1214, a person in custody pursuant to the judgment of a state court must file an application for a writ of habeas corpus within one year from the latest of:

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

7

> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1). Under 28 U.S.C. § 2244(d)(2), the limitations period is tolled during the pendency of a properly filed application for state post-conviction relief or other collateral review.

There is no evidence in the record in this case to suggest that the provisions set forth in §§ 2244(d)(1)(B) through (D) apply to petitioner's grounds for relief. Petitioner has not alleged that a State created impediment prevented him from filing the instant petition or that his claims are governed by a newly recognized constitutional right made retroactively applicable to his case. Furthermore, petitioner's grounds for habeas relief are based on alleged errors that occurred during sentencing. Because petitioner was aware of the facts underlying his claims or the claims could have been discovered through the exercise of due diligence by the close of the direct review, his grounds for relief are governed by the one-year statute of limitations set forth in 28 U.S.C. § 2244(d)(1)(A), which began to run when petitioner's conviction became final "by the conclusion of direct review or the expiration for the time for seeking such review."

In this case, the trial court's February 19, 2010 resentencing (Doc. 8, Ex. 32) constituted a new judgment that reset the one-year statute of limitations. *See Crangle v. Kelly*, 838 F.3d 673, 680 (6th Cir. 2016) (holding that a *nunc pro tunc* order issued to inform a defendant of post-release control amounts to a new judgment that resets AEDPA's one-year statute of limitations period). Because petitioner failed to file a timely appeal from the February 19, 2010 judgment entry, his conviction and sentence became final on March 22, 2010, upon the expiration of the 30-day period for filing his direct appeal expired.[3] *See* Ohio R. App. P. 4(A). The statute

---
[3] Because the 30-day time period ended on Sunday, March 21, 2010, petitioner had until Monday, March 22, 2010

commenced running on March 23, 2010, the next business day after petitioner's conviction became final, *see* Fed. R. Civ. P. 6(a); *Bronaugh v. Ohio,* 235 F.3d 280, 285 (6th Cir. 2000), and expired one year later on March 23, 2011, absent the application of statutory or equitable tolling principles.

During the one-year limitations period, petitioner was entitled to tolling of the statute under 28 U.S.C. § 2244(d)(2) based on any pending "properly filed" applications for state post-conviction relief or other collateral review. *See* 28 U.S.C. § 2244(d)(2); *see also Holland v. Florida,* 560 U.S. 631, 635 (2010); *Allen v. Siebert,* 552 U.S. 3, 4 (2007) (per curiam); *Vroman v. Brigano,* 346 F.3d 598, 602 (6th Cir. 2003). "The tolling provision does not, however, 'revive' the limitations period (i.e., restart the clock at zero); it can only serve to pause a clock that has not yet fully run." *Vroman,* 346 F.3d at 602 (quoting *Rashid v. Khulmann,* 991 F. Supp. 254, 259 (S.D.N.Y. 1998)). Once the limitations period is expired, state collateral review proceedings can no longer serve to avoid the statute-of-limitations bar. *Id.*

It is well-settled that a state application for post-conviction relief is "properly filed" within the meaning of § 2244(d)(2) "when its delivery and acceptance are in compliance with the applicable laws and rules governing filings," such as those prescribing the time limits for filing. *Artuz v. Bennett,* 531 U.S. 4, 8 (2000). State post-conviction or collateral review applications rejected by the state courts on timeliness grounds are not "properly filed" and, therefore, are not subject to statutory tolling under § 2244(d)(2). *See Allen,* 552 U.S. at 5-6; *see also Pace v. DiGuglielmo,* 544 U.S. 408, 413-14 (2005); *Vroman,* 346 F.3d at 603.

---

to file a timely direct appeal.

In this case, on February 16, 2010, prior to the February 19, 2010 journalization of the trial court's resentencing, petitioner filed an objection and motion to dismiss the indictment. (Doc. 8, Ex. 30). As noted above, these motions remained pending until May 3, 2011. (Doc. 8, Ex. 31). Assuming in petitioner's favor that the pendency of these motions served to toll the limitations period, the statute of limitations was tolled until May 3, 2011 and expired one year later on May 3, 2012. Because petitioner did not take any action in the state courts during this time, no further statutory tolling applies under Section 2244(d)(2) to extend the limitations period in this case.[4]

The AEDPA's statute of limitations is subject to equitable tolling, *see Holland*, 560 U.S. at 645, "when a litigant's failure to meet a legally-mandated deadline unavoidably arose from circumstances beyond the litigant's control." *Hall v. Warden, Lebanon Corr. Inst.*, 662 F.3d 745, 749 (6th Cir. 2011) (quoting *Robertson v. Simpson*, 624 F.3d 781, 783 (6th Cir. 2010)). Equitable tolling is granted "sparingly." *Id.* (quoting *Robertson*, 624 F.3d at 784). A habeas petitioner is entitled to equitable tolling only if he establishes that (1) "he has been pursuing his rights diligently;" and (2) "some extraordinary circumstance stood in his way and prevented timely filing." *Id.* (quoting *Holland*, 560 U.S. at 649 (internal quotations omitted)); *see also Pace*, 544 U.S. at 418. Although the Sixth Circuit previously utilized a five-factor approach in determining whether a habeas petitioner is entitled to equitable tolling, *Holland*'s two-part test has replaced the five-factor inquiry as the "governing framework" to apply. *Hall*, 662 F.3d at

---

[4] Petitioner's next filings were his May 30, 2012 application to reopen his appeal and March 15, 2013 post-conviction petition, which were both filed after the expiration of the limitations period. (Doc. 8, Ex. 44, 50). In any event, because these motions were both found to be untimely filed they would not operate to toll the limitations period. *See Allen*, 552 U.S. at 5-6; *Pace*, 544 U.S. at 413-14; *Vroman*, 346 F.3d at 603.

10

750 (citing *Robinson v. Easterling,* 424 F. App'x 439, 442 n.1 (6th Cir. 2011)). "With *Holland* now on the books, the 'extraordinary circumstances' test, which requires both reasonable diligence and an extraordinary circumstance, has become the law of this circuit." *Id.*; *see also Patterson v. Lafler,* 455 F. App'x 606, 609 n.1 (6th Cir. 2012).

Petitioner has not argued nor does the record otherwise indicate that he is entitled to equitable tolling in this case.[5] The Sixth Circuit has indicated that the relevant inquiry in determining whether equitable tolling applies is whether petitioner was diligent in pursuing federal habeas relief. In this case, petitioner waited more than eight years to file his habeas petition after his conviction and sentence became final. Accordingly, petitioner has not demonstrated that he was diligent in pursuing his federal rights. *Vroman*, 346 F.3d at 605 (finding that the petitioner's decision to proceed solely in state court "rather than filing his federal habeas petition and protecting his federal constitutional rights, demonstrates a lack of diligence"). Petitioner is therefore not entitled to equitable tolling.

Finally, petitioner has neither argued nor otherwise demonstrated that the procedural bar to review should be excused based on a colorable showing of actual innocence. "To invoke the miscarriage of justice exception to AEDPA's statute of limitations, . . . a petitioner 'must show that it is more likely than not that no reasonable juror would have convicted him in the light of . . . new evidence.'" *McQuiggin v. Perkins*, 569 U.S. 383, 399 (2013) (quoting *Schlup v. Delo,* 513 U.S. 298, 327 (1995)). No such showing has been made in this case.

Accordingly, in sum, the undersigned concludes that the instant federal habeas corpus

---

[5] Petitioner's sole argument pertaining to the timeliness of the petition is that the Ohio court improperly applied *res judicata* to bar his challenges to his sentence. (*See* Doc. 11 at PageID 659). However, petitioner does not explain how the state court decisions prevented him from filing a timely federal habeas corpus petition.

11

petition is barred from review by the one-year statute of limitations governing habeas corpus actions brought pursuant to 28 U.S.C. § 2254. Under the applicable provision set forth in 28 U.S.C. § 2244(d)(1)(A), petitioner's conviction and sentence became final on March 22, 2010. Assuming in petitioner's favor that the limitations period was tolled until May 3, 2011, during the pendency of his February 16, 2010 objection and motion to dismiss the indictment, the statute of limitations began to run on May 3, 2011 and expired one year later on May 3, 2012. Statutory or equitable tolling principles do not apply to further extend the limitations period or otherwise avoid the statute-of-limitations bar to review in this case. Therefore, respondent's motion to dismiss (Doc. 9) should be **GRANTED** on the ground that the petitioner's habeas corpus petition, filed on May 15, 2018 (2,203 days after the expiration of the limitations period), is time-barred.

## IT IS THEREFORE RECOMMENDED THAT:

1. Respondent's motion to dismiss (Doc. 9) be **GRANTED**, the petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 (Doc. 1) be **DISMISSED** with prejudice on the ground that the petition is time-barred under 28 U.S.C. § 2244(d).

2. A certificate of appealability should not issue with respect to any of the claims for relief alleged in the petition, which this Court has concluded are barred from review on a procedural ground, because under the first prong of the applicable two-part standard enunciated in *Slack v. McDaniel,* 529 U.S. 473, 484-85 (2000), "jurists of reason" would not find it debatable whether the Court is correct in its procedural ruling.[6]

---

[6] Because the first prong of the *Slack* test has not been met, the Court need not address the second prong of *Slack* as to whether "jurists of reason" would find it debatable whether petitioner has stated a viable constitutional claim in his time-barred grounds for relief. *See Slack,* 529 U.S. at 484.

3. With respect to any application by petitioner to proceed on appeal *in forma pauperis*, the Court should certify pursuant to 28 U.S.C. § 1915(a)(3) that an appeal of any Order adopting this Report and Recommendation would not be taken in "good faith," and therefore **DENY** petitioner leave to appeal *in forma pauperis* upon a showing of financial necessity. *See* Fed. R. App. P. 24(a); *Kincade v. Sparkman,* 117 F.3d 949, 952 (6th Cir. 1997).

Date: 4/8/19

Karen L. Litkovitz
United States Magistrate Judge

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF OHIO
### WESTERN DIVISION

| | |
|---|---|
| WILLIAM C. RUNYON,<br>Petitioner,<br><br>vs.<br><br>WARDEN, MADISION<br>CORRECTIONAL INSTITUTION,<br>Respondent. | Case No. 1:18-cv-355<br><br>Bertelsman, J.<br>Litkovitz, M.J. |

**NOTICE**

Pursuant to Fed. R. Civ. P. 72(b), **WITHIN 14 DAYS** after being served with a copy of the recommended disposition, a party may serve and file specific written objections to the proposed findings and recommendations. This period may be extended further by the Court on timely motion for an extension. Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. If the Report and Recommendation is based in whole or in part upon matters occurring on the record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon, or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs. A party may respond to another party's objections **WITHIN 14 DAYS** after being served with a copy thereof. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981).